UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CASE NO: 6:20-cr-77-Orl-78GJK

EDGAR JOHN DAWSON, JR.
_____/

### ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Counts Three Through Seven of the Superseding Indictment for Failure to State an Offense and Request for a Hearing on the Motion (Doc. 44). The Government opposes the Motion (Doc. 45).

**I.      FACTUAL BACKGROUND**

The Government filed a seven-count Superseding Indictment (Doc. 29), charging Defendant, Edgar John Dawson, Jr., with two counts—Counts One and Two—of knowingly distributing, and attempting to distribute, child pornography using the Internet, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and five counts—Counts Three through Seven—of employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, actually transported and transmitted using any means or facility of interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a) and (e). Mr. Dawson moves to dismiss Counts Three through Seven of the Superseding Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense.

**II.   LEGAL STANDARD**

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A valid indictment must include the elements of the charged offense, giving the defendant reasonable certainty of the nature of the offense. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (citation omitted).

The defendant must move to dismiss a defective indictment that fails to state an offense before trial. Fed. R. Crim. P. 12(b)(3)(B)(v). In ruling on this motion, the court must view the factual allegations in the light most favorable to the government and need examine only whether the government alleged each of the statute's elements. *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000) (citations omitted); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citations omitted). The district court must restrict itself to reviewing only the face of the indictment and the language used to charge each offense to determine the indictment's sufficiency. *Sharpe*, 438 F.3d at 1263 (citation omitted). When the facts should be developed and determined at trial, the court cannot dismiss the indictment. *Id.* (citation omitted).

**III.   DISCUSSION**

Mr. Dawson urges the Court to dismiss Counts Three through Seven because the charged images do not support a finding of guilt under 18 U.S.C. § 2251(a). (Doc. 44 at 2–9). To support the Motion, Mr. Dawson dissects the videos from the Superseding Indictment, which he contends do not depict a minor engaging in sexually explicit conduct as a matter of law. (*Id.* at 4–5). Therefore, Mr. Dawson argues Counts Three through Seven fail to state a claim against him.

An indictment is legally sufficient when it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (citation omitted). Dismissal is proper when an "infirmity of law" exists in the prosecution, not when disputed issues of fact are better left for resolution at trial. *Torkington*, 812 F.2d at 1354 (citations omitted).

Mr. Dawson does not argue that the Government improperly indicted him. Instead, he asks this Court to review the Government's evidence supporting Counts Three through Seven of the Superseding Indictment and determine their legal sufficiency. To rule in Mr. Dawson's favor would require this Court to review the videos in the Superseding Indictment as evidence. But this Court must determine the Superseding Indictment's sufficiency from its face and cannot consider extrinsic evidence. *See United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978) (citation omitted) ("[I]n testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution on the merits of the allegations.").[1] The Court may not peek behind the curtain of the allegations to evaluate their merits. To do so would transform the Motion into a motion for summary judgment, which is not a part of criminal procedure. *See United States v. Salman*, 378 F.3d 1266, 1267–68 (11th Cir. 2004) (reversing dismissal of indictment because "[b]y looking beyond the face of the indictment and ruling on the merits of the charges . . . , the district court in effect granted summary judgment in favor

---

[1] Decisions the Fifth Circuit entered before October 1, 1981, are binding on Eleventh Circuit courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of the defendant" (citation omitted)). The court possesses "no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." *Id.* at 1268. And besides merely mentioning in passing that the Court may entertain this Motion, Mr. Dawson does not elaborate on why it should under these circumstances. (Doc. 44 at 9). Thus, the request to dismiss Counts Three through Seven will be denied. To make any findings on the evidence would be improper at this stage of the proceedings.

If the motion to dismiss fails "to allege facts that if proven would require the grant of relief[,]" the court need not hold a hearing. *United States v. Ruiz-Murillo*, 736 F. App'x 812, 817 (11th Cir. 2018) (per curiam) (citation omitted). The Motion does not allege facts that presently require relief, and therefore, no hearing is required for due process.

### IV.   CONCLUSION

Thus, it is **ORDERED** and **ADJUDGED** Defendant's Motion to Dismiss Counts Three Through Seven of the Superseding Indictment for Failure to State an Offense and Request for a Hearing on the Motion (Doc. 44) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 30, 2020.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record