UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

  v.        CASE NO. 6:20-cr-77-WWB-GJK

EDGAR JOHN DAWSON, JR.

### UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum to aid the Court in resolving an issue concerning the calculation of the defendant's Guidelines offense level.[1]

## I. Procedural History

On May 20, 2020, the defendant was charged in an Indictment with five counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). (Doc. 10.)   Two months later, on July 15, 2020, the defendant was charged in a Superseding Indictment with the same five counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and two additional counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).   (Doc. 29.)   The defendant pled guilty to the distribution counts (Doc. 65) and was found guilty of the sexual exploitation counts following a bench trial (Doc. 72).

The distribution counts are based on images of child pornography that the defendant sent to other users through Discord, an Internet messaging application.

---

[1] The United States will orally articulate reasons for the specific sentence it seeks at the sentencing hearing.

(Doc. 59 at 3-5.)   The parties do not dispute that the child victims depicted in the images that the defendant distributed are different than the child victim of the defendant's five sexual exploitation convictions.

## II.     Guidelines Calculation

### A.     Relevant Guidelines Provisions

The defendant's conduct implicates different sections of the Guidelines: USSG § 2G2.2 governs the distribution counts, and USSG § 2G2.1 governs the sexual exploitation counts.

USSG § 2G2.2(b)(5) provides for a five-level enhancement "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."   Application Note 1 to that section defines "sexual abuse or exploitation" as including conduct described in 18 U.S.C. § 2251(a). Application Note 1 further states that the "pattern of activity involving the sexual abuse or exploitation of a minor" means "any combination of two or more separate instances of sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."   That is, under USSG § 2G2.2, it does not matter that the victims of the defendant's distribution counts are different from the victim of the defendant's sexual exploitation offenses; the five-level enhancement applies either way.

USSG § 3D1.2 governs "Groups of Closely Related Counts."   The parties agree that the defendant's two distribution counts should be grouped under USSG § 3D1.2(d).

USSG § 3D1.2(d) also specifically *excludes* the automatic grouping of certain offenses—including the defendant's § 2251(a) offenses (because they are governed by USSG § 2G2.1).   The defendant's five counts of conviction under § 2251(a) all involve the same child victim.   Three of those five counts (Counts Four, Five, and Six) arise from the same transaction.   Accordingly, pursuant to USSG § 3D1.2(a), those three counts should be grouped together.

USSG § 3D1.2(c) provides that grouping also applies "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or adjustment to, the guideline applicable to another of the counts."   The defendant points to this guideline as a basis for combining the distribution group with all of the sexual exploitation groups, to yield a single group.   (*See* Section II.C. calculation below.)

But Application Note 5 explains why the defendant's proposal is improper: "This provision [USSG § 3D1.2(c)] prevents 'double counting' of offense behavior. *Of course, this rule applies only if the offenses are closely related*."   (Emphasis added.)

Application Note 5 goes on to provide examples of closely related offenses. For instance, the illegal possession of a firearm used during the course of a bank robbery should be grouped with the bank robbery itself.   And robbery of a credit union on a military base should be grouped with assault of one of the employees (but

only one, as the enhancement only requires one instance of assault).   These examples make clear that grouping under USSG § 3D1.2(c) applies only when, at a minimum, these two requirements are met:   (1) Offense A is used as a specific offense characteristic of Offense B, *and* (2) Offense A is integral—or at least closely related—to Offense B.

### B.   United States' Position Concerning Guidelines Calculation

Applying the foregoing Guidelines provisions and principles, the United States contends that the following Guidelines calculations govern:

| Group | Offense Level Calculation | Units |
|---|---|---|
| Group 1:<br><br>Distribution of child pornography<br><br>(Counts One and Two) | Base is 22<br><br>+2 for prepubescent minor<br><br>+5 for distribution in exchange for valuable consideration<br><br>+5 for pattern of activity involving sexual exploitation of a minor<br><br>+2 for use of computer<br><br>**= 36** | ½ |
| Group 2:<br><br>Sexual exploitation of child<br><br>(Counts Four, Five, Six) | Base is 32<br><br>+4 because victim was under age 12<br><br>+2 for commission of sexual act or sexual contact<br><br>+2 for engaging in knowing distribution<br><br>+2 because defendant was a parent, relative, or legal guardian, or child was otherwise in custody, care, or supervisory control of defendant | 1 |

| Group | Offense Level Calculation | Units |
|-------|--------------------------|-------|
|  | = **42** |  |
| Group 3:<br><br>Sexual exploitation of child<br><br>(Count Three) | Same as Group 2, for the same reasons<br><br>= **42** | 1 |
| Group 4:<br><br>Sexual exploitation of child<br><br>(Count Seven) | Same as Group 2, for the same reasons<br><br>= **42** | 1 |

Under the grouping rules of USSG § 3D1.4, there are 3½ units, so 4 levels are added to 42, to yield an offense level of 46.    Pursuant to USSG § 4B1.5, another 5 levels are added to yield an offense level of 51.   After accounting for a three-point reduction for acceptance of responsibility, the total offense level is 48.

### C.     Defendant's (Theoretical) Position Concerning Guidelines Calculation

There are outstanding objections to the Guidelines calculations, so the following table is presented here merely for purposes of comparison and argument concerning application of USSG § 3D1.2(c) to this case.   Assuming that the Court applied all of the same enhancements described above in Section II.B., but grouped all of the counts as the defendant requests, the following Guidelines calculation would apply:

| Group | Offense Level Calculation | Units |
|---|---|---|
| Group 1: Distribution of child pornography (Counts One and Two) | **36** | ½ |
| Group 2: Sexual exploitation of child (Counts Four, Five, Six) | **42** | 1 |
| Group 3: Sexual exploitation of child (Count Three) | **42** | 1 |
| Group 4: Sexual exploitation of child (Count Seven) | **42** | 1 |

If the Court grouped all of the counts as the defendant requests, there would be a single group whose offense level is 42.   Pursuant to USSG § 4B1.5, another 5 levels would be added to yield an overall offense level of 47.   After accounting for a three-point reduction for acceptance of responsibility, the total offense level would be 44.

### III.   Argument

#### A.   The Defendant's Proposal Contravenes the Guidelines

The defendant argues that USSG § 3D1.2(c) requires grouping of the distribution and sexual exploitation counts in this case because the sexual exploitation counts are the basis for a five-level adjustment to the distribution counts. In taking this position, however, the defendant ignores Application Note 5, which states that "this [grouping] rule applies only if the offenses are closely related."

"When interpreting the Guidelines, a 'guideline's meaning is derived first from its plain language and, absent ambiguity, no additional inquiry is necessary.'"   *United States v. Cruz*, 713 F.3d 600, 607 (11th Cir. 2013) (quoting *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010)).   "[C]ommentary in the

Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

Under the plain language of USSG § 3D1.2(c) and its application notes, the distribution and sexual exploitation offenses should *not* be grouped. They do not have a common victim. They did not occur at the same time. They are not part of the same transaction. They were not committed in the same manner. They were both committed by the defendant, but other than that, they are not "related"—let alone "closely related," as USSG § 3D1.2(c) requires.

This appears to remain an open issue in this Circuit; despite a diligent search, the undersigned was unable to locate any cases on this particular point within the Eleventh Circuit. In *United States v. Keffler*, 101 F. App'x 673 (9th Cir. 2004), however, the Ninth Circuit found no plain error where the district court did not group offenses for transportation of child pornography (governed by USSG § 2G2.2) and sexual exploitation of children (governed by USSG § 2G2.1). The Ninth Circuit reasoned:

> Counts 5 and 6 [sexual exploitation of children] and Count 8 [transportation of child pornography] do not involve substantially identical offense conduct. They also occurred over different periods of time and involved different victims. Section 3D1.2(c) only applies if the offenses are "closely related." USSG § 3D1.2 app. n. 5.

*Id.* at 674 (internal citations omitted).[2]

The defendant points to two cases from other circuits in support of his position: *United States v. Runyan*, 290 F.3d 223 (5th Cir. 2002), and *United States v. Aguirre-Miron*, 2021 WL 687484 (3d Cir. Feb. 23, 2021).   Notably, neither of those cases mention—let alone discuss or rely on—Application Note 5.   The United States submits that those cases are poorly decided, as they fail to comply with USSG § 3D1.2(c) and its application notes.   The United States respectfully urges this Court—which is not bound by those cases—not to follow those precedents.

**B.   The Defendant's Proposal Would Lead to a Perverse Result**

In the original Indictment, the defendant was charged only with the five sexual exploitation counts.   Had the United States not brought any additional charges, his pre-sentence report would have included three groups of sexual exploitation offenses (Groups 2-4 above in Section II.B.), each of which has an offense level of 42.   Under the grouping rules of USSG § 3D1.4, there would have been 3 units, so 3 levels would be added to 42, yielding an offense level of 45. Pursuant to USSG § 4B1.5, another 5 levels would be added to yield an offense level

---

[2] Without reference to *Keffler*, the Ninth Circuit later decided *United States v. King*, 468 F. App'x 734, 736 (9th Cir. 2012), in which the Ninth Circuit held that the district court erred by failing to group the count charging sexual abuse of a minor with the count charging attempted receipt of child pornography.   But there, the court merely stated that because the district court treated the sexual abuse count as a specific offense characteristic of the receipt count, it "erred in not recognizing that the counts involved substantially the same harm, *see* U.S.S.G. § 3D1.2(c), and should have been grouped."   The court did not reference Application Note 5, and the foregoing wording suggests that Application Note 5's requirement that grouped counts be "closely related" was already satisfied.

of 50.   After accounting for acceptance of responsibility, the total offense level for the sexual exploitation counts alone would have been 47.

But the United States learned that—separate and apart from his sexual exploitation offenses—the defendant had distributed other child pornography that depicted other children, in wholly unrelated circumstances.   As a result, the United States charged the defendant with two additional distribution charges.

Under the defendant's interpretation of USSG § 3D1.2(c), the defendant's offense level would drop by three levels to 47, simply because the United States charged him in the Superseding Indictment with additional criminal conduct.   In other words, charging the defendant for having committed more crime would result in a Guidelines recommendation for less time.   Surely that is not what the Sentencing Commission intended.

Indeed, the Sentencing Guidelines themselves show that that is not what the Sentencing Commission intended.   First, the introductory commentary to Chapter 3, Part D of the Guidelines states that the rules in this part are supposed to provide "incremental punishment for significant additional criminal conduct."   *See* USSG § 3D, Intro. Commentary, ¶ 2.

Second, Application Note 5 unambiguously declares that USSG § 3D1.2(c) "applies only if the offenses are closely related."   This is likely because the Sentencing Commission was aware that certain specific offense characteristics in the Guidelines are *not* "closely related" to the offenses to which they nevertheless apply.

USSG § 2G2.2(b)(5) (for pattern of activity involving the sexual abuse or exploitation of a minor) is a prime example; Application Note 1 to that section provides an expansive definition of conduct that can constitute a predicate for such that five-level enhancement.   Application Note 1 states that certain sexually abusive conduct (such as violation of 18 U.S.C. § 2251(a)) can serve as the basis for a five-point enhancement *whether or not it is related* to the distribution offense.   Application Note 5 to USSG § 3D1.2(c) then reins in the grouping rules, to exclude from their operation those offenses that were expansively applied as specific offense characteristics, even though they were not directly or closely related.

This scheme makes sense, as it prevents the otherwise perverse outcome that would result in the absence of Application Note 5's requirement that any USSG § 3D1.2(c) grouping be applied only to "closely related" offenses.

## **CONCLUSION**

Given how high the defendant's Guidelines range is (under either party's calculation), the Court's determination of this issue is, to some extent, academic in this case.   Nevertheless, the Court must calculate the Guidelines, and the United States respectfully requests that the Court consider and apply Application Note 5, and find that the calculation set forth in Section II.B. governs.

The United States also respectfully requests that the Court state on the record the extent (if any) to which the Court's Guidelines calculation affects the ultimate sentence the Court imposes.

KARIN HOPPMANN
Acting United States Attorney

By:  */s/ Emily C. L. Chang*
EMILY C. L. CHANG
Assistant United States Attorney
USA No. 166
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:      emily.chang@usdoj.gov

**U.S. v. EDGAR JOHN DAWSON, JR.**          **Case No. 6:20-cr-77-WWB-GJK**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Ali Kamalzadeh
Assistant Federal Defender

/s/ Emily C. L. Chang
EMILY C. L. CHANG
Assistant United States Attorney
USA No. 166
400 W. Washington Street, Suite 3100
Orlando, Florida   32801
Telephone:   407-648-7500
Facsimile:   407-648-7643
E-mail:       emily.chang@usdoj.gov